UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLUE CROSS & BLUE SHIELD OF                                                     PLAINTIFF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY

V.                                                         CIVIL ACTION NO. 3:22-CV-58-DPJ-FKB

COAST DIAGNOSTICS, LLC                                                          DEFENDANT

ORDER

The parties dispute whether they entered a binding settlement agreement. Plaintiff Blue Cross & Blue Shield of Mississippi says they did and filed this suit for declaratory and injunctive relief, hoping to enforce the agreement. Defendant Coast Diagnostics, LLC, maintains that no meeting of the minds occurred and has therefore moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. [8]. Coast's motion to dismiss is denied.

I.      Facts and Procedural History

Blue Cross is a Flowood, Mississippi, based mutual insurance company. In 2020, Coast, a clinical laboratory that is not in-network for Blue Cross members, "provided services related to COVID-19 testing of certain Blue Cross [m]embers . . . and submitted claims for reimbursement to Blue Cross in connection with its testing services." Compl. [1] ¶ 7. "Blue Cross remitted payment for some claims for Coast's services to its [m]embers" instead of making payments directly to Coast. *Id.* ¶ 8.

On June 24, 2021, counsel for Coast sent Blue Cross a letter demanding payment of $588,783.69 for COVID-19 tests performed for Blue Cross members. The letter explained Coast's position that, under the Coronavirus Aid, Relief and Economic Security Act of 2020 (CARES Act) and the Families First Coronavirus Response Act of 2020 (FFCRA), Blue Cross

was required to make payments for COVID-19 testing services directly to Coast, not to Blue Cross's members who were then expected to make reimbursements. Blue Cross responded, denying it owed Coast any money.

"Over the following months, counsel for Coast and Blue Cross engaged in extensive communications concerning the parties' positions with respect to the requirements of the CARES Act and FFCRA and specific claim related issues, all in an effort to resolve the dispute." *Id.* ¶ 11. For purposes of this motion, it is enough to say that communications stopped before the settlement documents were finalized and signed; no money changed hands. Sometime later, Coast indicated that there was no settlement, but Blue Cross's in-house attorney responded that Blue Cross "considers this matter settled by [Blue Cross's] agreement to pay the $258,448.27 demanded by Coast." Correspondence [1-10] at 4.

On February 7, 2022, Blue Cross filed this lawsuit demanding a jury trial and seeking a declaration "that the settlement agreement between the parties is valid and enforceable" and an injunction "requiring Coast to comply with the terms and obligations of the parties' agreement." Compl. [1] ¶¶ 29–30. Coast then moved to dismiss under Rule 12(b)(6), contending that the attachments to the Complaint demonstrate the lack of an enforceable settlement agreement.

Because the Court's jurisdiction was unclear, it instructed the parties to better explain their citizenship. Based on their responses, the Court finds that it possesses diversity jurisdiction over this case and will turn to the pending motion.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Finally, "[t]he exhibits attached to the complaint . . . are part of the complaint 'for all purposes.' Fed. R. Civ. P. 10(c).  Thus it is not error to consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).  And if an allegation in the complaint "is contradicted by the contents of an exhibit attached to the pleading, then . . . the exhibit and not the allegation controls." *Id.* at 377 (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)).

III.     Analysis

The issue presented in Coast's motion to dismiss is the ultimate issue in the case: whether the parties entered into a binding agreement to settle the dispute over what Blue Cross owed Coast for COVID-19 testing.  "[A] settlement agreement is a contract." *Howard v. TotalFina E & P USA, Inc.*, 899 So. 2d 882, 888–89 (Miss. 2005) (citing *McManus v. Howard*, 569 So. 2d 1213, 1215 (Miss. 1990)).  And the parties agree that Mississippi contract law governs.  That law provides that it is

> "a basic principle of the law of contracts that a contract is not formed between the parties absent the essential elements of offer, acceptance, and consideration." *Lagniappe Logistics, Inc. v. Buras*, 199 So. 3d 675, 677 . . . (Miss. 2016) . . . . "The elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 . . . (Miss. 2013) . . . .

*Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 734 (Miss. 2019).  "If any essential term is left open to future consideration, there is no binding contract . . . ." *Id.* at 735 (quoting *Etheridge v. Ramzy*, 276 So. 2d 451, 454 (Miss. 1973)).

"Mississippi law requires that the party claiming benefit from the settlement prove by a preponderance of the evidence that there was a meeting of the minds." *Howard*, 899 So. 2d at 889 (citing *Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002)).  And that presents a question of fact regarding the parties' intent.  *Id.*; *see also Thompson v. White*, 328 So. 3d 210, 214 (Miss. Ct. App. 2021) (noting that existence of settlement agreement is a question of fact) (citing *Nat'l W. Life Ins. Co. v. Dunn*, 117 So. 3d 670, 672 (Miss. Ct. App. 2013)); *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999) ("[T]he intent of the parties" is a fact question bearing on the existence of a contract; "whether[] the facts as found constitute a contract" presents a question of law).

Here, both parties suggest that they win as a matter of law: Coast says the attachments to the Complaint "demonstrate precisely that no settlement agreement whatsoever exists between the parties." Def.'s Mem [9] at 1. In contrast, Blue Cross insists that "the exhibits to the Complaint show there was an offer, an acceptance of that offer, and consideration" and argues that "the actions of the parties and their attorneys . . . clearly demonstrate there was a meeting of the minds." Pl.'s Mem. [12] at 15.

While the attachments to the present complaint provide greater insight than is typically available under Rule 12(b)(6), the Court is not yet willing to say one party prevails as a matter of law. As stated, the key issue here—whether a contract existed—is "generally a question of fact for the jury." *Pereida v. Wilkinson*, 141 S. Ct. 754, 765 n.6 (2021) (quoting 11 Williston on Contracts § 30:3 (4th ed.)). And the Rule 12(b)(6) "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587. Under this standard, the Complaint will not be dismissed.

Coast also argues that the Complaint "fails to allege the essential elements of claims for declaratory and injunctive relief." Def.'s Mem. [9] at 18. But those arguments dovetail with Coast's position that Blue Cross failed to plausibly allege that a valid contract existed. Because the Court allows the contract claim to move forward, it finds that Blue Cross has standing to pursue declaratory relief and has adequately sought injunctive relief.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Coast's Motion to Dismiss [8] is denied. Finally, the Court notes that this case is a strong candidate for early resolution. Therefore, before the parties

5

engage in discovery, they are instructed to set the case for mediation or settlement conference and provide a status report to the Court regarding the setting no later than July 15, 2022.

      **SO ORDERED AND ADJUDGED** this the 5th day of July, 2022.

                                             s/ *Daniel P. Jordan III*
                                             CHIEF UNITED STATES DISTRICT JUDGE